**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEVORG SUKIASYAN, | No. 13-72112 |
| Petitioner, | Agency No. A099-903-951 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015[**]

Before:     O'SCANNLAIN, LEAVY and FERNANDEZ, Circuit Judges.

Gevorg Sukiasyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we review de novo questions of law, *Rivera v. Mukasey*, 508 F.3d 1271, 1274-75 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Sukiasyan's convictions for crimes involving fraud, Sukiasyan's implausible testimony that he did not recall details pertaining to a false identification card he used, and the inconsistency between Sukiasyan's testimony and the record evidence regarding whether he had obtained or used a forged driver's license on another occasion. *See id.* at 1048 (adverse credibility determination reasonable under the totality of circumstances); *see also Unuakhaulu v. Gonzales*, 416 F.3d 931, 938 (9th Cir. 2005) (criminal conviction involving fraud undermined credibility); *Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir. 2007) (implausibility finding was supported by substantial evidence). We reject Sukiasyan's contention that the BIA erred and/or violated due process by considering the documents submitted by the government. *See Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006) (hearsay may be admitted in immigration

proceedings "if it is probative and its admission is fundamentally fair"); *see also*

*Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2004) (requiring error and prejudice to

prevail on a due process claim). We also reject Sukiasyan's contentions that the

BIA erred in concluding his corroborative evidence was insufficient to sustain his

burden of proof. *See Ren v. Holder*, 648 F.3d 1079, 1094 (9th Cir. 2011); *Aden v.*

*Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009) ("Even if we might conclude to the

contrary regarding sufficiency of corroboration, we cannot say that any reasonable

adjudicator would be compelled to conclude to the contrary.") (internal quotation

and citation omitted). Thus, Sukiasyan's asylum and withholding of removal

claims fail.

Substantial evidence also supports the agency's conclusion that Sukiasyan

failed to establish it is more likely than not that he will be tortured if returned to

Armenia. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003); *see also*

*Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001) (explaining an adverse

credibility finding in the asylum context does not end the CAT inquiry).

Finally, we lack jurisdiction to consider Sukiasyan's contentions that the IJ

violated his statutory and due process rights, because Sukiasyan did not raise these

issues to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**